UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALAM MELES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-545 |
| ) | Judge Aleta A. Trauger |
| AVALON HEALTH CARE, LLC d/b/a ) | |
| TREVECCA HEALTH CARE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion for Summary Judgment (Docket No. 19) filed by the defendant, Avalon Health Care, LLC d/b/a Trevecca Health Care ("Trevecca"), to which the plaintiff, Alem Meles, has not responded. For the reasons discussed herein, the motion will be granted.

## BACKGROUND AND PROCEDURAL HISTORY

On March 7, 2016, Ms. Meles filed this employment action against her former employer, Trevecca.[1] (Docket No. 1.) The Complaint brings a claim for violation of the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq.* ("FMLA") based on allegations that, upon requesting leave under the FMLA, Ms. Meles was told by someone in Human Resources at Trevecca that she was being terminated from her employment.

Briefly, the only evidence in the record that supports Ms. Meles's claim is her testimony that, On September 5, 2012, Ms. Meles received a voicemail from her supervisor, Virginia Diaz,

---

[1] This is actually the second action brought in this court by Ms. Meles related to her employment with Trevecca. The first action was voluntarily dismissed, as explained more fully in the court's prior Order granting in part Trevecca's Motion to Recover Costs (Docket No. 27).

1

stating that she was terminated from her employment due to her unexplained absence and that she should not return to work on September 6, 2012 as scheduled. (Docket No. 19-2 (November 23, 2016 Meles Deposition ("Meles Dep.")) at 40:13-41:22.) There is no evidence in the record, however, that, prior to receiving this alleged voicemail, Ms. Meles had requested FMLA leave or otherwise informed Trevecca that she was suffering from a serious medical condition or would need to be absent for an extended period of time.

In the prior action by Ms. Meles before this court, the testimony by Ms. Meles in the record stated that she faxed her request for FMLA leave to Trevecca *prior* to Ms. Diaz terminating her. (*See* Memorandum, *Meles v. Avalon Health Care*, Case No. 3:14-cv-1487, 2015 WL 5568060 (M.D. Tenn. Sept. 22, 2015), Docket No. 30, p. 8.) The testimony before the court in the instant action, however, clarifies that it was on September 6, 2012, the day *after* Ms. Meles received the initial voicemail terminating her employment, that Ms. Meles faxed to Trevecca documentation of her medical need for leave. (Docket No. 19-2 (Meles Dep), 49:20-51:24.) She then called to follow up, at which time she was initially reminded by Ms. Diaz of her termination the previous day. (*Id*.) Indeed, the fax from Ms. Meles's physician indicating that she needed an extended leave from work is dated September 6, 2012. (*Id*. at pp. 78-79 (Exhibit 10 to Meles Dep.).) Ms. Meles admits that she later received a document from Trevecca dated September 19, 2012, stating that she was approved for her request for FMLA Leave. (*Id*. at 68:23-69:4.)

On October 14, 2016, the Case Management Order in this action was amended for a final time, requiring dispositive motions to be filed on or before December 23, 2016, with responses due within 28 days of the motion's filing. (Docket No. 18.)

2

On December 23, 2016, Trevecca filed the currently pending Motion for Summary Judgment (Docket No. 19), along with a Memorandum in Support (Docket No. 20), the Declaration of Stephanie K. Harris, Trevecca's Human Resources Director (Docket No. 21), the Declaration of Chen Ni, counsel for Trevecca (Docket No. 22), and a Statement of Undisputed Material Facts (Docket No. 23).

On January 11, 2017, upon reassignment of this case to Judge Trauger, the court issued an Order directing the parties to adhere to the briefing schedule set out in the October 14, 2016 Order with respect to the pending Motion for Summary Judgment. (Docket No. 25.) By the same Order, Trevecca's Motion to Stay the action pending resolution of its Motion to Recover Costs was denied. (*Id.*) Ms. Meles's response to the Motion for Summary Judgment, therefore, should have been filed no later than January 20, 2017.

Despite reminders from the court, Ms. Meles has failed to respond to either the Motion for Summary Judgment or Trevecca's Statement of Undisputed Material Facts, and it has now been more than two weeks since the deadline passed.[2]

## **LEGAL STANDARD**

In the Sixth Circuit, a plaintiff who fails to address a claim in response to a motion for summary judgment is deemed to have abandoned the claim. *Briggs v. Univ. of Detroit-Mercy*, 611 Fed.Appx. 865, 870 (6th Cir. 2015). Nonetheless, a district court may not use a party's failure to respond as a reason for granting summary judgment "without first examining all the

---

[2] According to the Ni Declaration, Ms. Meles also failed to respond to Trevecca's Requests for Admission during discovery in this action. (Docket No 22, ¶¶ 4-6.) The court need not, however, rely on facts in Trevecca's Statement of Undisputed Material Facts or Requests for Admission that are admitted by default. For the reasons discussed herein, Ms. Meles's own testimonial admissions in the record are sufficient to warrant summary judgment in favor of Trevecca.

materials properly before it under Rule 56(c)." *Briggs*, 611 Fed.Appx. at 870 (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014)). This is so because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Id.* Thus, "even where a motion for summary judgment is unopposed (in whole or in part), a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *Id.*

## **ANALYSIS**

There are two theories of recovery under the FMLA, interference and retaliation. *Wallner v. Hilliard*, 590 F. App'x 546, 550 (6th Cir. 2014) (citing *Hunter Valley View Local Sch.*, 579 F.3d 688, 691 (6th Cir. 2009)). The elements of an FMLA interference claim are simple: 1) the employee was entitled to benefits, 2) the employee notified the employer of the intent to exercise the rights, and 3) the employee was denied the benefits to which she was entitled. *Id.* (citing *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507-08 (6th Cir. 2006)). There is no need to show evidence of any particular employer motive or intent. *Id.* A retaliation claim requires showing a causal connection between an exercise of FMLA rights and an adverse employment action. *Id.* (citing *Edgar*, 443 F.3d at 408 and *Hunter*, 579 F.3d at 692). "[F]iring someone who has just requested FMLA leave before he can take it could be construed both as retaliation for having asked for leave and as interference with the employee's ability to take it." *Id.* at 551 (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 283 F.3d 818, 825 (6th Cir. 2002)). Finally, temporal proximity between exercising FMLA rights and an adverse employment action can lead to an inference of causality. *Id.* at 554 (finding that an employee discharge nine days after returning from FMLA leave led to a strong inference of causal connection.)

4

In the prior action by Ms. Meles before this court, summary judgment in favor of Trevecca was denied as to the FMLA claims because the evidence before the court, viewed in the light most favorable to Ms. Meles, showed that Trevecca may have terminated Ms. Meles's employment by informing her not to return to work only *after* she requested FMLA leave. (*See* Memorandum, *Meles v. Avalon Health Care*, Case No. 3:14-cv-1487, 2015 WL 5568060 (M.D. Tenn. Sept. 22, 2015), Docket No. 30.) The court found that it was plausible that a trier of fact could find, despite the documentation in the record showing that Ms. Meles was approved for FMLA leave, that Trevecca had verbally directed Ms. Meles that she was unwelcome to return to work, thereby both interfering with Ms. Meles's exercise of her FMLA rights and rendering an adverse employment decision against her. (*Id*.) In light of the additional admissions by Ms. Meles that are before the court in this action, however, summary judgment in favor of Trevecca is appropriate.

Namely, Ms. Meles now admits that the alleged verbal termination of her employment actually took place *before* Ms. Meles had requested FMLA leave and was later reversed, when Ms. Meles submitted medical documentation of her need for leave. At best, the evidence in the record, when taken in the light most favorable to Ms. Meles, shows that Ms. Meles may have been told that her employment at Trevecca was terminated on September 5, 2016 due to her unexplained absence, and this termination may have initially been confirmed on September 6, 2016, when Ms. Meles called to follow up on her subsequent request for FMLA leave. The record is devoid of evidence, however, that Ms. Meles requested FMLA leave, or otherwise indicated a need for such leave, prior to the alleged voicemail from Ms. Diaz on September 5, 2012 terminating her employment. As such, Ms. Meles cannot establish a claim for FMLA retaliation. To the contrary, the only reasonable interpretation of the evidence is that, on

5

September 5, 2012, Ms. Diaz may have indicated that Ms. Meles would be terminated because she had *not* requested leave or otherwise explained her absence. Then, upon Trevecca's review of Ms. Meles's documented request for leave, the undisputed facts show that Trevecca reversed its decision regarding Ms. Meles's termination and granted her request for FMLA leave on September 19, 2012. As a result, Ms. Meles cannot establish a claim for FMLA interference or retaliation, and this action must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is hereby **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

Entry of this Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 10th day of February 2017.

                                                                                                    _____
                                                                                                    ALETA A. TRAUGER
                                                                                                    United States District Judge